W. WARREN SPARROW, GUARDIAN AD LITEM FOR DAVID MICHAEL CHANDLER, MINOR v. FORSYTH COUNTY BOARD OF EDUCATION

No. 7321IC233

(Filed 12 September 1973)

State § 8— sudden stopping of school bus — driver struck by snowball — no negligence
    The Industrial Commission did not err in its conclusion that the driver of a school bus was not negligent in suddenly stopping the bus, thereby causing injury to a passenger, when the driver was struck by a snowball thrown through an open window of the bus.

APPEAL by plaintiff from an opinion and award by the North Carolina Industrial Commission, filed 20 October 1972, which denied compensation to plaintiff.

The pertinent facts found by the Commission are as follows:

"On January 15, 1970, David Michael Chandler (hereinafter referred to as "Claimant") was a student attending Glenn Junior High School (hereinafter referred to as "school") in Forsyth County, North Carolina. Claimant

travelled to and from school as a passenger upon a state-owned vehicle, to wit a school bus operated by Mike Baugess (hereinafter referred to as "driver").

"Claimant and other students at school, before the hereinafter described injury to claimant occurred, were instructed by the principal of school to not engage in horseplay on the school bus and to remain seated while the school bus was in motion.

"Driver, before the hereinafter described injury to claimant occurred, had given instructions to claimant and the other student-passengers on his bus to not engage in horseplay and to remain seated while the bus was in motion.

"On January 15, 1970, school closed at 3:20 p.m. Claimant left school and proceeded to get onto the school bus operated by driver, taking a seat in the rear of the bus.

"Driver left school and proceeded to operate the bus on his regularly assigned route. The bus first stopped a short distance after it turned onto Wayside Drive and several student-passengers left the bus. Approximately three hundred yards further down the road, the bus made its second stop, at which time Mike Weaver, Ricky Weaver and Vickie Weaver left the bus. At this point, there were approximately 45 students remaining on the bus which had a capacity of carrying 67 students.

"While the bus was stopped for the Weaver children to get off, claimant stood up in the rear of the bus where he had been seated, preparatory to moving to the front of the bus to take a vacant seat. Claimant was approximately one-half mile from his home and was in a hurry to get off. Driver then placed the bus in first gear and proceeded to drive forward approximately 15 to 20 feet at approximately 5 to 7 miles per hour. As the bus was moving forward, claimant proceeded up the aisle unnoticed by driver. When claimant reached a point midway the bus, Mike Weaver, who had just left the bus, threw a snowball through the small open sliding window beside driver. The snowball whistled by in front of driver, partly hitting him and then splashing against the door to the right of driver.

"The occurrence of the snowball coming into the bus startled the driver and caused him to place his foot upon the brake pedal and bring the bus to a sudden stop. The

sudden stopping of the bus caused claimant to fall forward and hit his head and chest against the back of a seat and to continue falling until he hit the floor of the bus. The fall caused injuries to the claimant.

"After driver had stopped the bus, he engaged the emergency brakes, got off the bus and threw a snowball at Mike Weaver. Driver then returned to the bus and was advised by other student-passengers that claimant might be hurt, at which time driver asked claimant if he were injured, to which claimant replied that he didn't think so.

"Driver then drove the bus approximately one-half mile to the point where claimant left the bus for his home. At this time claimant was experiencing pain in his left shoulder and a severe headache, which persisted three months after the occurrence of the injury.

"At the time that driver placed his foot upon the brakes of the bus and brought the bus to a sudden stop, he acted as a person of ordinary care and prudence would have acted under similar circumstances. The snowball being thrown into the bus in front of the driver brought about a sudden emergency which caused the driver to quickly stop the bus. There was, therefore, no negligence on the part of the driver in stopping the bus suddenly."

Based upon its findings of fact the Commission concluded that there was no negligent act upon the part of the driver, and denied the claim.

Plaintiff appealed.

*White & Crumpler, by G. Edgar Parker, for the plaintiff.*

*Attorney General Morgan, by Associate Attorney Kramer, for the defendant.*

BROCK, Chief Judge.

Plaintiff assigns as error that the findings of fact of the Industrial Commission do not support its conclusion and opinion.

Under the evidence in this case the question of whether a person of ordinary prudence would have acted under the same or similar circumstances was to be determined by the finder

of the facts. In this case the Commission was the finder of the facts and its finding of fact supports its conclusion and opinion. The fact that subsequent to the stopping of the bus, the driver left the bus and threw a snowball at Mike Weaver is irrelevant to the sudden emergency that confronted him at the time the bus was brought to a sudden stop. The conduct of the driver after the sudden stop in no way contributed to plaintiff's injury.

Affirmed.

Judges MORRIS and VAUGHN concur.